UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Benqi ZHENG,<br><br>                              Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>                              Respondents. | Case No.:  26-cv-2006-AGS-JLB<br><br>**ORDER GRANTING HABEAS PETITION (ECF 1), DENYING TRO (ECF 2), AND ORDERING RELEASE** |

Petitioner Benqi Zheng seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. In the government's return, it asserts that its "position" is "that Petitioner is subject to mandatory detention under § 1225(b)," despite having been "previously released from immigration custody on conditional parole." (ECF 5, at 2.)

But the government also "acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion." (*Id.* at 3.) One of the government's cited cases for that point is this Court's decision in *Nayyer v. LaRose*, No. 25-cv-3111-AGS-DDL (S.D. Cal. Nov. 20, 2025). (*See* ECF 5, at 2.) The Court incorporates its reasoning from that case and concludes that Zheng is detained under 8 U.S.C. § 1226(a), not § 1225. Respondents also "defer to the Court on the appropriate relief." (*See id.*, at 3.) The Court incorporates its reasoning from *R.M. v. LaRose, et al.*, No. 25-cv-3186-AGS-DEB (S.D. Cal. Dec. 4, 2025), and finds that release is appropriate.

Thus, the habeas petition is **GRANTED**. All pending hearings and deadlines are vacated and the motion for a temporary restraining order (ECF 2) is **DENIED as moot**. By **April 8, 2026**, respondents must release Zheng from custody, subject to the conditions of his October 2022 order of release.

1

Dated:  April 7, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

26-cv-2006-AGS-JLB